09-1204-cr
United States v. Twine

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE** PRECEDENTIAL **EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY** COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of July, two thousand ten.

PRESENT:   REENA RAGGI,
               GERARD E. LYNCH,
               DENNY CHIN,
                  *Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                *Appellee*,

       v.                          No.   09-1204-cr (Lead)
                                        10-0709-cr (Con)
                                        10-2043-cr (Con)

SYLVESTER TWINE, also known as TWAN,
                *Defendant-Appellant*,

TERRANCE REED, also known as SUPREME,
SHAMEEK SUGGS, also known as SHA,
                *Defendants.*[*]

-----------------------------------------------------------------

SUBMITTING FOR APPELLANT:   Michael H. Sporn, New York, New York.

SUBMITTING FOR APPELLEE:   Licha M. Nyiendo, Assistant United States Attorney (David C. James, Stephen J. Meyer, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

---

[*] The Clerk of the Court is directed to amend the caption to read as shown above for purposes of this order.

Appeal from the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on March 13, 2009, is AFFIRMED.

Defendant Sylvester Twine appeals from an order denying him bail pending trial on a charge of conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A).[1] We review a district court's bail determination for clear error and will not reverse "unless on the entire evidence we are left with the definite and firm conviction that a mistake has been committed." United States v. Sabhnani, 493 F.3d 63, 75 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. LaFontaine, 210 F.3d 125, 130 (2d Cir. 2000); United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995). We detect no such error in this case.

Because Twine is charged with serious drug offenses, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure" his appearance or "the safety of any other person and the community." 18 U.S.C. § 3142(e); see also United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). The record convincingly supports the district court's finding that Twine failed to rebut this presumption. See 18 U.S.C. § 3142(g)

---

[1] On April 22, 2010, a grand jury returned a superseding indictment charging Twine with two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and one count of conspiracy to distribute cocaine and crack cocaine in violation of 21 U.S.C. § 846. We review the district court's order based on the conspiracy charge pending at the time, but we note that the subsequently added charges only strengthen the basis for detention.

2

(identifying relevant factors to include (1) the nature and circumstances of the offense charged, (2) the strength of the government's case, (3) the defendant's history and characteristics, and (4) the nature and seriousness of the danger to the community posed by pre-trial release). The conspiracy charge pending at the time of the district court's detention order carries a prison term of ten years to life, see 21 U.S.C. §§ 841(a), (b), 846, providing a strong incentive to flee. This conclusion is reinforced by the strength of the government's case, which is largely based on recorded evidence. The defense may be able to challenge the meaning of what was said, but not the fact that it was said.

Further, Twine's alleged commission of the charged crime while on supervised release and his extensive history of criminal activity, often committed while on probation or supervised release and sometimes threatening violence, strongly indicate Twine's inability to conform his conduct to the law, augmenting concerns as to both his ability to abide by bail conditions and his posing a danger to the community. In these circumstances, the district court acted within its discretion in concluding that Twine's proposal of house arrest and four suretors with no assets and minimal income was insufficient to overcome the presumption of flight and danger.

Because we detect no error, let alone clear error, in the district court's determination that the proposed bail conditions could not reasonably assure Twine's appearance at trial or the safety of the community, the detention order is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court